```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - x
                                       :
UNITED STATES OF AMERICA               :   INDICTMENT
                                       :
         - v. -                        :   20 Cr. ___
                                       :
RANDY CRAIG LEVINE,                    :
   a/k/a "Viktor Lapin,"               :
   a/k/a "Andre Santiago Santos        :
         Galindo,"                     :
   a/k/a "Alexander Martinez Lavrov,"  :
   a/k/a "Alexander Kozlov,"           :
   a/k/a "Hristo Danielov Marinov," and:
                                       :
PHILIP REICHENTHAL,                    :
                                       :
         Defendants.                   :
                                       :
- - - - - - - - - - - - - - - - - - - x
```

20 CRIM 578

## COUNT ONE
(Conspiracy to Commit Commodities Fraud)

The Grand Jury charges:

### Relevant Entities and Individuals

1. At all times relevant to this Indictment, RANDY CRAIG LEVINE, a/k/a "Viktor Lapin," a/k/a "Andre Santiago Santos Galindo," a/k/a "Alexander Martinez Lavrov," a/k/a "Alexander Kozlov," a/k/a "Hristo Danielov Marinov," the defendant, was a United States citizen living in Guatemala and other foreign locations.

2. At all times relevant to this Indictment, PHILIP REICHENTHAL, the defendant, was a lawyer living in Florida who held himself out as an escrow agent or "paymaster" for cryptocurrency

transactions.

3. At all times relevant to this Indictment, Company-1 was a Delaware limited liability company with offices in New York, New York and New Jersey. Company-1 conducts over-the-counter cryptocurrency transactions, i.e., Company-1 buys large amounts of cryptocurrency from, and sells cryptocurrency to, its customers who prefer to transact with Company-1 rather than buying or selling on a public cryptocurrency exchange. Company-1's goal is to profit from the spreads—the difference between the buying price and selling price—in those cryptocurrency transactions, rather than from itself taking and holding any position in cryptocurrency.

4. At all times relevant to this Indictment, Volantis Escrow Platform LLC ("Volantis Escrow") purported to be a Delaware limited liability company. Volantis Market Making LLC ("Volantis Market Making") was a Delaware limited liability company. Collectively, Volantis Escrow and Volantis Market Making are referred to herein as the "Volantis Entities." The Volantis Entities principally operated out of Pennsylvania.

5. At all times relevant to this Indictment, Individual-1 was the principal of the Volantis Entities.

6. At all times relevant to this Indictment, Individual-2 was a Florida resident involved in brokering Bitcoin transactions.

### Background on Cryptocurrency

7. Bitcoin is a form of cryptocurrency, which is a

decentralized, peer-to-peer form of electronic currency. Cryptocurrency is a digital representation of value that can be digitally traded and functions as (1) a medium of exchange; (2) a unit of account; and/or (3) a store of value, but does not have legal tender status. Unlike "fiat currency," like the U.S. dollar and the Euro, cryptocurrency is not issued by any jurisdiction and functions only by agreement within the community of users of that particular currency.

8. Cryptocurrencies like Bitcoin are held by their owners in electronic "wallets." These wallets have unique addresses, which are designated by a string of letters and numbers. Only an individual who possesses the unique "private key" associated with a wallet's address can access the cryptocurrency in that wallet. However, any individual can send cryptocurrency to any wallet. An individual does not have to submit any identifying information to any central authority to own a wallet, and it is therefore very easy to hold a wallet anonymously.

9. A blockchain is a public, distributed electronic ledger. Whenever someone transfers cryptocurrency between wallet addresses, it is recorded on a blockchain. The blockchain only records the movement of cryptocurrency between the addresses; it does not by itself identify the holders of the cryptocurrency. The blockchain primarily involved in this case is the Bitcoin blockchain.

10. Under Title 7, United States Code, Section 1(a)(9), a

"commodity" includes "all other goods and articles . . . and all services, rights, and interests . . . in which contracts for future delivery are presently or in the future dealt in." This includes virtual currencies such as Bitcoin.

### Overview of Fraud on Individual-1 and Company-1

11.  In or about June and July 2018, RANDY CRAIG LEVINE, a/k/a "Viktor Lapin," a/k/a "Andre Santiago Santos Galindo," a/k/a "Alexander Martinez Lavrov," a/k/a "Alexander Kozlov," a/k/a "Hristo Danielov Marinov," the defendant, induced Individual-1 to wire PHILIP REICHENTHAL, the defendant, over $3 million of Company-1's money to fund the purchase of Bitcoin after falsely telling Individual-1 that LEVINE would sell thousands of Bitcoin, when in truth and in fact, LEVINE never intended to sell Bitcoin. After receiving the $3 million, REICHENTHAL, in turn, wired over $2 million to LEVINE. LEVINE then lied to Individual-1 for days about why the deal had not worked out, the status of the purported Bitcoin, and the location of Company-1's money, which was never returned.

### Overview of Fraud on Investors and Individual-2

12.  From at least in or about February 2019 through at least in or about May 2019, RANDY CRAIG LEVINE, a/k/a "Viktor Lapin," a/k/a "Andre Santiago Santos Galindo," a/k/a "Alexander Martinez Lavrov," a/k/a "Alexander Kozlov," a/k/a "Hristo Danielov Marinov," the defendant, induced Individual-2 to cause investors to send

4

PHILIP REICHENTHAL, the defendant, over $2 million of investors' money to fund the purchase of Bitcoin after telling Individual-2 that LEVINE would sell Bitcoin, when in truth and in fact, LEVINE never had any intention of selling Bitcoin to the investors. After receiving the funds from the investors, REICHENTHAL, in turn, sent over $1.9 million to LEVINE. LEVINE then lied to Individual-2 and an investor about the status of the investors' funds, which were never returned.

### Statutory Allegations

13. From at least in or about June 2018 through at least in or about May 2019, in the Southern District of New York and elsewhere, RANDY CRAIG LEVINE, a/k/a "Viktor Lapin," a/k/a "Andre Santiago Santos Galindo," a/k/a "Alexander Martinez Lavrov," a/k/a "Alexander Kozlov," a/k/a "Hristo Danielov Marinov," and PHILIP REICHENTHAL, the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate and agree together and with each other to commit an offense against the United States, to wit, commodities fraud, in violation of Title 7, United States Code, Sections 9(1) and 13(a)(5), and Title 17, Code of Federal Regulations, Section 180.1.

14. It was a part and an object of the conspiracy that RANDY CRAIG LEVINE, a/k/a "Viktor Lapin," a/k/a "Andre Santiago Santos Galindo," a/k/a "Alexander Martinez Lavrov," a/k/a "Alexander Kozlov," a/k/a "Hristo Danielov Marinov," and PHILIP REICHENTHAL,

the defendants, willfully and knowingly, would and did, directly and indirectly, use and employ, in connection with a contract of sale of a commodity in interstate and foreign commerce, a manipulative and deceptive device and contrivance, in contravention of Title 17, Code of Federal Regulations, Section 180.1, by: (1) using and employing, and attempting to use and employ, any manipulative device, scheme, and artifices to defraud; (2) making, and attempting to make, any untrue or misleading statement of a material fact and omitting to state a material fact necessary in order to make the statements made not untrue or misleading; and (c) engaging, or attempting to engage in any act, practice, and course of business which operates and would operate as a fraud and deceit upon any person, in violation of Title 7, United States Code, Sections 9(1) and 13(a)(5).

### Overt Acts

15.   In furtherance of the conspiracy and to effect its illegal object, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

  i. On or about April 29, 2019, RANDY CRAIG LEVINE, a/k/a "Viktor Lapin," a/k/a "Andre Santiago Santos Galindo," a/k/a "Alexander Martinez Lavrov," a/k/a "Alexander Kozlov," a/k/a "Hristo Danielov Marinov," the defendant, caused approximately $185,000 to be wired through a bank account in New York, New York to a bank account in Russia.

ii. On or about April 30, 2019, LEVINE caused approximately $265,000 to be wired through a bank account in New York, New York to a bank account in Russia.

iii. On or about May 6, 2019, LEVINE caused approximately $380,000 to be wired through a bank account in New York, New York to a bank account in Russia.

iv. On or about May 8, 2019, LEVINE caused approximately $271,540 to be wired through a bank account in New York, New York to a bank account in Russia.

v. On or about May 21, 2019, LEVINE caused approximately $375,000 to be wired through a bank account in New York, New York to a bank account in Russia.

(Title 18, United States Code, Section 371.)

## COUNT TWO
### (Conspiracy to Commit Wire Fraud)

The Grand Jury further charges:

16. The allegations contained in paragraphs 1 through 12 and 15 of this Indictment are repeated and realleged as if fully set forth herein.

17. From at least in or about June 2018 through at least in or about May 2019, in the Southern District of New York and elsewhere, RANDY CRAIG LEVINE, a/k/a "Viktor Lapin," a/k/a "Andre Santiago Santos Galindo," a/k/a "Alexander Martinez Lavrov," a/k/a "Alexander Kozlov," a/k/a "Hristo Danielov Marinov," and PHILIP

REICHENTHAL, the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

18. It was a part and an object of the conspiracy that RANDY CRAIG LEVINE, a/k/a "Viktor Lapin," a/k/a "Andre Santiago Santos Galindo," a/k/a "Alexander Martinez Lavrov," a/k/a "Alexander Kozlov," a/k/a "Hristo Danielov Marinov," and PHILIP REICHENTHAL, the defendants, and others known and unknown willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Section 1349.)

### COUNT THREE
(Commodities Fraud: Individual-1 and Company-1)

The Grand Jury further charges:

19. The allegations contained in paragraphs 1 through 11 and 15 of this Indictment are repeated and realleged as if fully set forth herein.

20. From in or about June 2018 through in or about July 2018, in the Southern District of New York and elsewhere, RANDY CRAIG LEVINE, a/k/a "Viktor Lapin," a/k/a "Andre Santiago Santos Galindo," a/k/a "Alexander Martinez Lavrov," a/k/a "Alexander Kozlov," a/k/a "Hristo Danielov Marinov," and PHILIP REICHENTHAL, the defendants, willfully and knowingly, used and employed, and attempted to use and employ, in connection with a contract of sale of a commodity in interstate and foreign commerce, a manipulative and deceptive device and contrivance, in contravention of Title 17, Code of Federal Regulations, Section 180.1, by: (1) using and employing, and attempting to use and employ, any manipulative device, scheme, and artifices to defraud; (2) making, and attempting to make, any untrue or misleading statement of a material fact and omitting to state a material fact necessary in order to make the statements made not untrue or misleading; and (3) engaging, or attempting to engage in any act, practice, and course of business which operates and would operate as a fraud and deceit upon any person, to wit, LEVINE fraudulently induced an Individual-1 to wire millions of dollars to REICHENTHAL, who in turn wired funds to LEVINE, in

connection with a Bitcoin transaction that LEVINE never intended to complete.

(Title 7, United States Code, Sections 9(1) and 13(a)(5); Title 17, Code of Federal Regulations, Section 180.1; Title 18, United States Code, Section 2.)

## COUNT FOUR
(Commodities Fraud: Investors and Individual-2)

The Grand Jury further charges:

21. The allegations contained in paragraphs 1 through 10 and paragraphs 12 and 15 of this Indictment are repeated and realleged as if fully set forth herein.

22. From in or about February 2019 through in or about May 2019, in the Southern District of New York and elsewhere, RANDY CRAIG LEVINE, a/k/a "Viktor Lapin," a/k/a "Andre Santiago Santos Galindo," a/k/a "Alexander Martinez Lavrov," a/k/a "Alexander Kozlov," a/k/a "Hristo Danielov Marinov," and PHILIP REICHENTHAL, the defendants, willfully and knowingly, directly and indirectly, used and employed, and attempted to use and employ, in connection with a contract of sale of a commodity in interstate and foreign commerce, a manipulative and deceptive device and contrivance, in contravention of Title 17, Code of Federal Regulations, Section 180.1, by: (1) using and employing, and attempting to use and employ, any manipulative device, scheme, and artifices to defraud; (2) making, and attempting to make, any untrue or misleading statement of a material fact and omitting to state a material fact

10

necessary in order to make the statements made not untrue or misleading; and (3) engaging, or attempting to engage in any act, practice, and course of business which operates and would operate as a fraud and deceit upon any person, to wit, LEVINE caused REICHENTHAL to fraudulently induce investors working with Individual-2 to wire millions of dollars to REICHENTHAL, who in turn wired funds to LEVINE, in connection with a Bitcoin transaction that LEVINE never intended to complete.

(Title 7, United States Code, Sections 9(1) and 13(a)(5); Title 17, Code of Federal Regulations, Section 180.1; Title 18, United States Code, Section 2.)

## COUNT FIVE
(Wire Fraud: Individual-1 and Company-1)

The Grand Jury further charges:

23. The allegations contained in paragraphs 1 through 11 and 15 of this Indictment are repeated and realleged as if fully set forth herein.

24. From in or about June 2018 through in or about July 2018, in the Southern District of New York and elsewhere, RANDY CRAIG LEVINE, a/k/a "Viktor Lapin," a/k/a "Andre Santiago Santos Galindo," a/k/a "Alexander Martinez Lavrov," a/k/a "Alexander Kozlov," a/k/a "Hristo Danielov Marinov," and PHILIP REICHENTHAL, the defendants, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent

11

pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, LEVINE, through interstate and foreign messages and financial transfers, including phone calls made by Individual-1 to Company-1 representatives in New York, New York, carried out a scheme to defraud by fraudulently inducing Individual-1 to wire millions of dollars to REICHENTHAL, who in turn wired funds to LEVINE, in connection with a Bitcoin transaction that LEVINE never intended to complete.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT SIX
(Wire Fraud: Investors and Individual-2)

The Grand Jury further charges:

25. The allegations contained in paragraphs 1 through 10 and paragraphs 12 and 15 of this Indictment are repeated and realleged as if fully set forth herein.

26. From in or about February 2019 through in or about May 2019, in the Southern District of New York and elsewhere, RANDY CRAIG LEVINE, a/k/a "Viktor Lapin," a/k/a "Andre Santiago Santos Galindo," a/k/a "Alexander Martinez Lavrov," a/k/a "Alexander Kozlov," a/k/a "Hristo Danielov Marinov," and PHILIP REICHENTHAL, the defendants, willfully and knowingly, having devised and

intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, LEVINE, through interstate and foreign messages and financial transfers, including financial transfers through bank accounts in New York, New York, carried out a scheme to defraud by causing REICHENTHAL to fraudulently induce investors working with Individual-2 to wire millions of dollars to REICHENTHAL, who in turn wired funds to LEVINE, in connection with a Bitcoin transaction that LEVINE never intended to complete.

(Title 18, United States Code, Sections 1343 and 2.)

### COUNT SEVEN
(Engaging in Monetary Transaction in Property Derived From Specified Unlawful Activity)

The Grand Jury further charges:

27. The allegations contained in paragraphs 1 through 12 and 15 of this Indictment are repeated and realleged as if fully set forth herein.

28. From on or about April 29, 2019 through on or about May 21, 2019, in the Southern District of New York and elsewhere, RANDY CRAIG LEVINE, a/k/a "Viktor Lapin," a/k/a "Andre Santiago Santos Galindo," a/k/a "Alexander Martinez Lavrov," a/k/a "Alexander

Kozlov," a/k/a "Hristo Danielov Marinov," the defendant, knowingly engaged, and attempted to engage, within the United States in monetary transactions in criminally derived property of a value greater than $10,000, that was derived from specified unlawful activity, and aided and abetted the same, to wit, LEVINE committed wire fraud and then laundered that money by wiring the wire fraud proceeds, in amounts greater than $10,000, from Mexico to Russia, through a bank in New York, New York.

(Title 18, United States Code, Sections 1957 and 2.)

## FORFEITURE ALLEGATIONS

29. As a result of committing one or more of the offenses charged in Counts Two, Five, and Six of this Indictment, RANDY CRAIG LEVINE, a/k/a "Viktor Lapin," a/k/a "Andre Santiago Santos Galindo," a/k/a "Alexander Martinez Lavrov," a/k/a "Alexander Kozlov," a/k/a "Hristo Danielov Marinov," and PHILIP REICHENTHAL, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses that the defendants personally obtained.

14

30. As a result of committing the offense charged in Count Seven of this Indictment, RANDY CRAIG LEVINE, a/k/a "Viktor Lapin," a/k/a "Andre Santiago Santos Galindo," a/k/a "Alexander Martinez Lavrov," a/k/a "Alexander Kozlov," a/k/a "Hristo Danielov Marinov," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

### Substitute Assets Provision

31. If any of the above-described forfeitable property, as a result of any act or omission by the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

15

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

(Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
AUDREY STRAUSS /JE
Acting United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -

RANDY CRAIG LEVINE,
a/k/a "Viktor Lapin,"
a/k/a "Andre Santiago Santos Galindo,"
a/k/a "Alexander Martinez Lavrov,"
a/k/a "Alexander Kozlov,"
a/k/a "Hristo Danielov Marinov," and

PHILIP REICHENTHAL,

Defendants.

---

### INDICTMENT

20 Cr. \_\_\_\_

(Title 7, United States Code, Sections 9(1) and 13(a)(5); Title 17, Code of Federal Regulations, Section 180.1; Title 18, United States Code, Sections 2, 371, 1343, 1349, and 1957.)

/s/ Foreperson

AUDREY STRAUSS
Acting United States Attorney